IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHESTER PINSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1690 |
| | § | |
| TOMMY THOMAS, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

Chester Pinson, a/k/a Chester Jenkins, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit claiming that he was physically assaulted by jail officers. In compliance with the Court's order, plaintiff filed a more definite statement of the facts underlying his claims.

The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A. Finding that no federal rights have been implicated, the Court DISMISSES this lawsuit for failure to state a claim, as follows.

### *Background and Claims*

Pinson claims that, on September 24, 2007, while in custody of the Harris County Jail, he was assaulted for no reason by jail officers during a cell shake-down. Plaintiff states that, although he received a disciplinary conviction for assaulting an officer as a result of the

altercation, the disciplinary charge "is a total fabricated lie." He reports that the disciplinary conviction has not been reversed or otherwise set aside. He seeks $3 million in damages.

## *Analysis*

Under 28 U.S.C. § 1915(e), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff received a disciplinary conviction for assaulting an officer arising from the incident made the basis of this lawsuit. He neither alleges nor shows that the conviction has been reversed or set aside. Consequently, this section 1983 lawsuit seeking monetary damages for his assault by the officers is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487 (footnote omitted). *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying the *Heck* bar to inmate disciplinary convictions). Because a judgment in favor of plaintiff in this lawsuit would necessarily imply the invalidity of his conviction, and because neither plaintiff nor the records of this Court show that the conviction has been invalidated through a federal habeas proceeding, plaintiff's section 1983 claims are barred at this time.

## *Conclusion*

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), this lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas, on January 27, 2010.

_____
Gray H. Miller
United States District Judge